UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Case No. 8:11-bk-00432-MGW
                                                          Chapter 11
Cargo Transportation Services, Inc.,

      Debtor.
_____/

Larry Hyman, as Plan Trustee,                             Adv. No. 8:12-ap-01261-MGW

      Plaintiff,

v.

Seaside Carriers Inc.,

      Defendant.
_____/

**MEMORANDUM OPINION AND ORDER
GRANTING PLAN TRUSTEE'S MOTION TO STRIKE
DEFENDANT'S REQUEST FOR PREVAILING PARTY FEES**

      Under the American Rule, a prevailing party is not entitled to attorney's fees and costs

absent a statute or contractual provision authorizing recovery of prevailing party fees and costs.

In this case, there was a prevailing party attorney's fee provision in the Payment Agreement

between the Debtor and Seaside Carriers Inc. ("Seaside") that also provided for arbitration in the

event of a dispute arising under their agreement.  However, this action was brought by the Plan

Trustee pursuant to a confirmed plan of reorganization[1] and the Critical Vendor Orders[2]

authorizing the recovery or "claw-back" of post-petition transfers from the bankruptcy estate. As

such, the prevailing party provision contained in the Payment Agreement does not apply to this

---

[1] Bankr. Doc. No. 806 (Second Amended Plan of Reorganization); Bankr. Doc. No. 813 (Confirmation Order).
[2] Bankr. Doc. No. 38 (Interim Order); Bankr. Doc. No. 217 (Final Order).

proceeding. The Plan Trustee's motion to strike the prayer for attorney's fees in Seaside's amended answer[3] will be granted.

## Background

The Debtor offers comprehensive transportation services, including customized consolidation, distribution, logistics, and warehousing services.  Seaside provides trucking services that are essential to the Debtor's business operations.  Immediately after filing its Chapter 11 case, the Debtor moved to pay the pre-petition claims of its critical vendors, including Seaside.  Critical vendors are those whose services are necessary to the successful reorganization of the Debtor and who continue to provide the Debtor with these services post-petition.

The Court's Critical Vendor Orders authorized the Debtor to make post-petition payments to its critical vendors and reestablish normal and customary trade terms with them.  In keeping with the Critical Vendor Orders, the Debtor executed the Payment Agreement with Seaside on January 31, 2011.  Under the Payment Agreement, in exchange for payment of the pre-petition claim, Seaside agreed to provide the Debtor with post-petition services and not to pursue collection actions or demands against the Debtor's customers.[4]  The Plan Trustee seeks in this adversary proceeding to avoid and recover post-petition payments the Debtor made to Seaside, alleging that Seaside has not complied with the Payment Agreement and the Court's Critical Vendor Orders.[5]

Seaside moved for leave to amend its answer to include a request for costs and attorney's fees pursuant to the Payment Agreement.[6]  The Court granted Seaside's motion, but also

---

[3] Adv. Doc. No. 28.
[4] Adv. Doc. No. 1, Ex. A.
[5] Adv. Doc. No. 1.
[6] Adv. Doc. No. 18.

permitted the Plan Trustee to file a motion to strike Seaside's request for costs and fees.[7]  The

Court now considers that motion.[8]

## Conclusions of Law

The American Rule[9] generally prohibits the prevailing party from collecting its attorney's

fees and costs from the losing party.  However, an exception may apply when a statute or

contract authorizes the recovery of reasonable costs and fees.  In this case, the Debtor and

Seaside executed a post-petition contract, the Payment Agreement, which contained the

following disputes provision:

> 4.C.  Disputes.  In the event of a dispute arising out of this Agreement, including
> but not limited to Federal or State statutory claims, the party's sole recourse
> (except as provided below) shall be arbitration.  ...The decision of the arbitrators
> shall be binding and final and the award of the arbitrator may be entered as
> judgment in any court of competent jurisdiction.  The prevailing party shall be
> entitled to recovery of costs, expenses and reasonable attorney fees as well as
> those incurred in any action for injunctive relief.[10]

It is clear that if the parties had a dispute arising under the Payment Agreement, the

dispute would be subject to arbitration, and the prevailing party in that arbitration would be

entitled to recovery of reasonable costs, expenses, and attorney's fees.  However, this action is

not an arbitration proceeding under the Payment Agreement. It is a proceeding to pursue a

remedy created under the Critical Vendor Orders and the Confirmation Order under which the

Plaintiff as Plan Trustee has a right to recover payments made to critical vendors who do not

abide by the terms of their agreements.[11]

---

[7] Adv. Doc. No. 24.
[8] Adv. Doc. No. 28.
[9] The American Rule is the requirement that each litigant must pay its own attorney's fees, even if the party prevails in the lawsuit.  *See, e.g., Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).
[10] Adv. Doc. No. 1, Ex. A.
[11] Bankr. Doc. 217, para. 5; Bankr. Doc. 806, paras. 1.47, 5.13.2.

While these recoveries are dependent upon a finding by this Court that Seaside failed to perform under the Payment Agreement, the actual claim for relief being asserted in this proceeding is grounded in the Critical Vendor Orders and the confirmed plan of reorganization in this case. The attorney's fees provision contained in the Payment Agreement applies only "[i]n the event of a dispute arising out of this Agreement," i.e., the Payment Agreement.[12] It has no application to this claw-back proceeding.

### Conclusion

Based on the Court's conclusion that the fee-shifting provision in the Payment Agreement has no applicability to proceedings seeking claw-back recoveries, the motion to strike the prayer for attorney's fees will be granted.

Accordingly, it is

**ORDERED** that the Plan Trustee's motion to strike the request for prevailing party attorney's fees and costs from Seaside's amended answer is GRANTED.

DATED: ___February 24, 2014_____

_____
Michael G. Williamson
United States Bankruptcy Judge

Attorney Kathleen L. DiSanto is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

---

[12] Adv. Doc. No. 1, Ex. A.